UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** | ) <br> ) <br> ) | |
| | ) | **Case No. 26-CR-189-SEH** |
| **v.** | ) <br> ) | |
| **MELISA SUSAN KYLE,** <br> **Defendant.** | ) <br> ) | |

**DEFENDANT'S OPPOSED MOTION TO REVOKE ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3145(b)**

Defendant, Melisa Susan Kyle, through undersigned counsel and pursuant to 18 U.S.C. § 3145(b), requests this Court revoke the order of detention entered by a United States Magistrate Judge. Ms. Kyle maintains that a set of conditions can reasonably ensure her appearance and the safety of other persons and the community. Upon *de novo* review the detention order should be revoked per 18 U.S.C. § 3145(b) to allow Ms. Kyle's release from custody. The government has notified counsel for Ms. Kyle that they oppose this motion.

## Status of the Case

Ms. Kyle is charged with one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii). Dkt. 14. The government filed a motion for detention on May 12, 2026. On May 12, contemporaneous to Ms. Kyle's initial appearance, the court set a Detention Hearing for May 18. At that time, Ms. Kyle waived a detention hearing because she did not have a

release plan approved by the United States Probation Office. After obtaining acceptance into a drug treatment program and suitable housing, Ms. Kyle filed her Unopposed Motion for Detention Hearing seeking release from pretrial detention. Dkt. 18. The detention hearing was held on May 28, 2026, before Magistrate Judge Steele. At the close of the hearing, the court found that Ms. Kyle had not rebutted the presumption pursuant to 18 U.S.C. § 3142(e)(3) that no conditions will reasonably assure her the safety of the community based upon charged offense. Dkt. 24 at 2. The court further found that the government had proven by clear and convincing evidence that no conditions could reasonably assure the safety of any person and the community. *Id*. at 3. In both the hearing and the detention order, the court asserted that it relied on the fact that the offense charged involves a controlled substance, the weight of the evidence, the possible lengthy sentence and Ms. Kyle's criminal history to reach its conclusion. *Id*. at 3-4. On *de novo* review of the record and the proposed pretrial release plan, this Court should revoke the detention order and order Ms. Kyle to be released pending trial.

## Authority

A defendant subject to pretrial detention by a magistrate judge may file a motion to revoke or amend the order of detention. 18 U.S.C. § 3145(b). Review of the detention order is *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

"In our society liberty is the norm, and detention prior to trial … the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). In the federal system, the Bail Reform Act "establishes a liberal policy in favor of pretrial release" where detention

is a "carefully limited exception." *Bell v. Wolfish*, 441 U.S. 520, 537 n.18 (1979). Therefore, pretrial release should be ordered unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

Certain offenses, such as that in this case, are subject to a rebuttable presumption that pretrial release conditions cannot ensure future appearances and safety to the public. *Id*. When this presumption is applicable, the defendant bears the burden of producing some evidence in rebuttal, however, the government continues to bear the burden of persuasion. *United States v. Stricklin*, 932 F.2d 1352 1354 (10th Cir. 1991). Rebuttal of the presumption requires the defendant to produce some evidence, but this burden of production is not heavy. *Id*. When the presumption is rebutted, the burden shifts to the government to prove risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. *Cisneros*, 328 F.3d at 616.

In making a pretrial detention determination, the court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person

> was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."18 U.S.C. § 3142(g).

In light of these factors, this Court should find that Ms. Kyle has rebutted the presumption and that the government has failed to demonstrate that no pretrial release conditions can adequately provide for her future appearances and the protection of any person.

## Argument

**Ms. Kyle has Rebutted the Presumption that No Terms of Pretrial Release Can Assure Her Appearance or the Safety of Any Person**.

In her *Unopposed Motion for Detention Hearing* and at the detention hearing, Ms. Kyle rebutted the 18 U.S.C. § 3142(e) presumption. Ms. Kyle's acceptance and agreement to participate in a residential drug treatment program and the fact that a place to live after completion of the program was secured with the approval of the U.S. Probation Office established her willingness to cooperate with Probation during her pretrial supervision. Ex. 1 at 44:12- 46:21. Counsel also pointed to her income from a trust account to cover her expenses and that an ankle monitor could be used to provide even greater assurances. *Id*. 57:49. Finally, counsel directed the court's attention to the fact that Ms. Kyle had successfully complied with five years of supervision imposed after a prior conviction a decade before. *Id.* 1:01:58-1:02:06. The Probation approved arrangements and Ms. Kyle's previous history of compliance are sufficient to rebut the presumption that no conditions

could assure her appearance or for the safety of the community.

**The 18 U.S.C. § 3142(g) Factors Favor Pretrial Release**

**Nature and Circumstances of the Offense Charged**

The seriousness of the charge against Ms. Kyle is reflected in the applicability of the rebuttable presumption established by 18 U.S.C. § 3142(e). The fact that a controlled substance is involved in the charged offense is specifically enumerated as one of the circumstances this Court should consider. However, possession of a distributable quantity alone is not sufficient to establish that no conditions of pretrial release can reasonably ensure future court appearances or safeguard any person. *See, Harris v. United States*, 404 U.S. 1232, 1236 (1971) (denial of bail pending appeal after conviction for drug trafficking reversed due to insufficient showing that defendant was a flight risk or a danger to the community).

The current charge arose from a traffic stop where a significant amount of methamphetamine was found. The government's witness agreed that the facts in this case are indicative of lower-level drug courier activity. Ex. 1 at 25:30 – 26:40. At the hearing the government relied heavily on the danger of methamphetamine on the community generally. *Id*. at 47:59. However, the government presented no evidence that Ms. Kyle is implicated in doing anything more than carrying cargo from point A to point B. The standard terms of pretrial release which restrict a person's travel and subject them to supervision and searches are adequate to prevent Ms. Kyle's participation in any such activities.

The government also speculated that if released Ms. Kyle could participate in drug trafficking by coordinating with others. But this argument was offered without any evidence regarding Ms. Kyle's participation in such activity. *Id*. at 51:09 – 51:31. There were also no artifacts of drug sales, such as scales or additional baggies, discovered in the vehicle. No evidence offered supports the inference that Ms. Kyle played a role in selling the narcotics found in her vehicle or coordinating other drug trafficking activities. Indeed, the government's witness testified that based upon her training and experience, the evidence in this case is indicative of low-level courier activity. *Id*. at 25:30 – 26:40. Considering the dearth of evidence that Ms. Kyle did anything more than drive the drugs from one state to another, the nature and circumstances of the offense favors a finding that residential substance abuse treatment followed by a probation approved living arrangement and supervision are sufficient to assure Ms. Kyle's future appearance and protect the community.

**Weight of the Evidence Against the Defendant**

The weight of the evidence against Ms. Kyle is not sufficient to justify her pretrial detention and she should be released. At the hearing the government relied on the quantity and packaging of the drugs and the fact that Ms. Kyle was the sole occupant of the vehicle. *Id*. at 48:04 – 48:48. However, as demonstrated by Ms. Kyle's cross-examination of the government's witness, there are critical evidentiary issues relevant to the weight of the evidence which have yet to be resolved. *Id*. at 37:26 – 42:54. The government's witness testified that in her experience and training, the evidence in this case is indicative of mere

courier activity. *Id*. at 25:30 – 26:40. Relying largely on the amount of narcotics seized, the government has not met its burden to show that Ms. Kyle would not be cooperative under pretrial release supervision or that the probation approved release plan would not be sufficient to assure her appearance or provide for the safety of the community. At best the weight of the evidence neither favors nor disfavors pretrial release.

**History and Characteristics of the Accused**

Ms. Kyle is 46 years old and has a history of drug abuse and mental health issues. Counsel for Ms. Kyle has arranged for, and probation has approved, her participation in an inpatient treatment program which has a duration of two to three months. Contrary to the government's argument that Ms. Kyle is dependent on illicit activity for support, the U.S. Probation Office confirmed that her expenses have historically been paid from a trust account in her mother's name, demonstrating that she does have means of support if released. It has been ten years since Ms. Kyle was convicted of a drug related offense and she successfully completed five years of probation as a result.

Pretrial release should be ordered unless this Court finds that there is a serious risk to the safety of the community and there are no conditions or combination of conditions to reasonably assure the safety of the community. Considering the probation approved plan that Ms. Kyle participate in inpatient substance abuse treatment and then reside with a third-party custodian, combined with her prior successful compliance with probation over a span of five years, this factor weighs in favor of release.

### Nature and Seriousness of Any Danger to Any Person or the Community

The Court should find that there is insufficient evidence that Ms. Kyle would not comply with the pretrial release conditions ordered by the court. The nature of the allegation as characterized by the government's witness as "courier" activity and Ms. Kyle's prior successful completion of a term of five years' probation demonstrate that conditions of release and pretrial supervision can reasonably assure Ms. Kyle is not a danger to the community. Therefore, this factor weighs in favor of release.

### Conclusion

**WHEREFORE,** Ms. Kyle requests that this Court vacate the magistrate's order of detention and order the release of Ms. Kyle under conditions sufficient to ensure the safety of the community and any other person.

Respectfully,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

JULIA L. O'CONNELL, FEDERAL PUBLIC DEFENDER

By: *s / Robert S. Williams*

Robert S. Williams, OBA #19974
ASSISTANT FEDERAL PUBLIC DEFENDER
One West Third Street, Suite 1225
Tulsa, Oklahoma 74103
(918) 581-7656
robert_williams@fd.org
**COUNSEL FOR THE DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Tyson McCoy, AUSA
Reagan Reininger, AUSA
UNITED STATES ATTORNEYS OFFICE

*s/ Robert S. Williams*
Robert S. Williams,
ASSISTANT FEDERAL PUBLIC DEFENDER