**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MELISA SUSAN KYLE,**<br><br>**Defendant.** | **Case No. 26-CR-00189-SEH** |

# ORDER

Before the Court is Defendant Melisa Susan Kyle's unopposed motion to extend scheduling order deadlines. [ECF No. 41]. Defendant requests a continuance of deadlines, including the pretrial conference set for July 27, 2026, and the jury trial set for August 3, 2026, and has executed a speedy trial waiver. [ECF No. 40]. On May 19, 2026, a federal grand jury charged Defendant with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). [ECF No. 14]. The indictment further alleges a drug forfeiture, pursuant to 21 U.S.C. § 853. [*Id.*].

Defendant requests an extension of all deadlines in the scheduling order for several reasons. First, defense counsel did not remember at the scheduling conference held in June that he would be out of the country on August 3, 2026, when this case is set for trial. [ECF No. 41 at 2]. Second, the

government has continued to produce discovery, and defense counsel is seeking additional discovery related to the traffic stop and investigation oof Defendant. [*Id.* at 1]. Finally, defense counsel avers he needs additional time to obtain and review all discovery materials, investigate the allegations in the Indictment, and prepare a defense. [*Id.* at 1-2]. Plaintiff does not oppose Defendant's request for a continuance. [*Id.* at 1].

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance … would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a

"rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048–49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id*. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id*. at 1272–73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id*. at 1273.

The Court finds the defendant has executed a speedy trial waiver, asking the Court to exclude any period of delay for an ends of justice continuance. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the defendant's motion to continue deadlines and for a new scheduling order [ECF No. 41] is **granted**. The

pretrial conference set for July 27, 2026 and jury trial set for August 3, 2026 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Notices due: | 7/28/2026 |
| Motions and Objections to Notices due: | 8/11/2026 |
| Pretrial Conferences/Motions Hearing: | 8/18/2026 at 9:15 a.m. |
| Voir dire, jury instructions, stipulations, and trial briefs due: | 9/1/2026 |
| Witness and exhibit lists emailed to courtroom deputy (do not file): | 9/3/2026 by 4:00 p.m. |
| Three hard copy exhibit binders delivered to Court: | 9/3/2026 by 4:00 p.m. |
| Jury Trial: | 9/8/2026 at 8:45 a.m. |

**IT IS FURTHER ORDERED** that the time from August 3, 2026, inclusive, to September 7, 2026, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 9th day of July, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE