IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MELISA SUSAN KYLE,**<br><br>**Defendant.** | **Case No. 26-CR-189-SEH** |

## Unopposed Motion for Protective Order

The government moves the Court to enter a Protective Order for certain discovery materials, namely: (1) Tulsa County Sheriff's Office Policy documents for Criminal/Drug Interdiction (Policy Number 203.18) (2) Tulsa County Sheriff's Office Policy documents for Automated License Plate Readers (Policy Number 204.07), and in support thereof states as follows:

1. Pursuant to Local Criminal Rule 16.1, the United States advises the Court that the undersigned Assistant United States Attorney consulted with opposing counsel, and the defense does not object to this motion.

2. In order to protect the confidentiality of the aforementioned sensitive discovery materials that Defendant shall:

a. not disseminate the materials for any purpose other than to those individuals identified in subparagraph c;

b. not show the materials to anyone other than potential witnesses, experts or those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case; and

c. not reproduce the materials for dissemination to individuals other than potential experts and those persons employed by the attorney who are necessary to assist counsel of record in preparation for trial in this case, including the Defendant, and shall maintain complete custody and control over them, including all copies.

3. Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

4. The items sought to be protected involve internal law enforcement policies of the Tulsa County Sheriff's Office (TCSO). The defense has requested these items in discovery. The United States seeks a protective order of these items to protect the dissemination of these internal TCSO documents outside use in the above captioned case.

WHEREFORE, the United States respectfully requests that the Court enter a protective order for the aforementioned discovery materials.

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

*/s/ Tyson McCoy*
Tyson McCoy, CA Bar No. 270782
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

**Certificate of Service**

I hereby certify that on the 20th day of July, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a notice to the following ECF recipient:

Robert Williams
*Counsel for Defendant*

*/s/ Tyson McCoy*
Assistant United States Attorney