July 1, 2026

SOUTHWEST LEDGER
BUSINESS & POLITICS




# Surveillance cameras legality questioned in collecting vehicle plate data

By News Staff on Tuesday, October 15, 2024

From staff reports OKLAHOMA CITY – The use of vehicle tag readers by state law enforcement to collect data in crime investigations, other than lack of required insurance, is under scrutiny.

State law says the Automated License Plate Readers can only be legally used to identify uninsured motorists who are in violation of Oklahoma's compulsory vehicle insurance law. Rep. Tom Gann (R-Inola) said in a recent

Exhibit 16

press release that many of the cameras used to collect data are illegally placed and used to track much other activity.

Last week, Gann led an interim study at the state Capitol before the House State Powers Committee to review the use and abuse of surveillance cameras and warrantless searches. The Oklahoma Uninsured Vehicle Diversion Program referred to this system on their website, uvedok.org, as a "robust camera network across all jurisdictions in Oklahoma" with a goal to "leverage license plate recognition technology to ensure that all drivers have at least the minimum required amount of liability insurance."

Since Nov. 1, 2018, according to Oklahoma's District Attorney Council, the UVED program has deployed camera units across the state, taking photographs of license plates and comparing them to the Oklahoma Insurance Verification System. According to the DAC website, at ok.gov, the license plates associated with a valid personal line of insurance are immediately rejected and all other photographs are forwarded to the DAC for review. The intent, as stated, is to keep Oklahomans away from criminal proceedings by notifying the owners of uninsured vehicles of the potential for charges before law enforcement intervenes.

According to Gann, many local government entities have entered into contracts with a nationwide big-tech firm, Flock, to install 24/7 vehicle scanning technology with data being shared with municipalities and law enforcement - despite such actions being prohibited by Oklahoma law.

"The CEO of Flock has openly stated his intent to place a scanner on every street corner. Many legislators understand that Oklahomans do not want this Orwellian approach. They recognize it as a breach of the Fourth Amendment and foresee future courts continuing to rule it unconstitutional, placing many criminal convictions into question," Gann said.

In the 2024 legislative session, a proposal to authorize the scanners, House Bill 3570, failed to receive a House floor vote, and a comparable measure, Senate Bill 1620,

Southwest Ledger
6,240 followers
Follow Page
Share
Southwest Ledger
about 9 months ago
BREAKING NEWS: Comanche County Excise Board rejects Commissioner John's proposed county budget

SOUTHWESTLEDGER.NEWS
Comanche County Excise …
LAWTON – The Comanche Cou…
6 4 5


Accessibility

was defeated by a wide margin. Gann expects public opposition to grow as awareness of the specifics of the technology increases.

In September, a McClain County court case, State of Oklahoma v. Ifabiyi, showed police used the camera system to prove a woman lied about her whereabouts in an alleged drug case, Gann said in an interview with KOCO 5 news. The defendant said she was returning from seeing family in Dallas when she was stopped with $100,000 in cash and drugs. Prosecutors used the camera surveillance to prove she was coming from Houston, where they believed she was trafficking drugs.

The case was thrown out when the judge ruled the camera evidence could not be used at trial because the information was obtained illegally. The Automated License Plate Readers' data was excluded because it did not pertain to the compulsory vehicle insurance law.

Gann said ALPRs could potentially be used to track personal visits to the doctor, to political rallies, to places of worship and much more, and then that data could be used against individuals in numerous ways. However, he is concerned that what could be deemed legitimate court cases are being thrown out of court due to the illegally obtained license plate data.

Although believing the camera system could be used as a threat to personal privacy, he thinks the law should be updated to specify that with a probable cause affidavit or a warrant the cameras could be used to search for specific criminals on a "hotlist."

"On the issue of automated license plate readers, our state laws are inadequate in keeping up with the fast pace of technological advances being made,' Gann stated. 'Unfortunately, how those advances are used is without regard to due process. My desire is to have these concerns taken into consideration as we work with the Senate and other lawmakers to develop laws to govern the activity already taking place. These uses are not authorized by Oklahoma law."

Members of the Pryor Creek City Council and Oklahoma 2nd Amendment Association also participated in the

Accessibility

interim study, along with Chad Marlow, senior policy counsel with the American Civil Liberties Union.

“The truth is ALPRs are no magic bullet when it comes to solving crimes,' Marlow said. 'In fact, they are more like a real bullet, and that if not used properly and safely they can pose a significant threat to Oklahomans.'

**Southwest Ledger**
529 Telephone Park
Lawton, OK 73507
(580) 350-1111

© 2026 Southwest Ledger