FILED IN DISTRICT COURT
McClain County, Oklahoma
SEP 23 2024
Kristen Gray, Court Clerk
by ________, Deputy

IN THE DISTRICT COURT OF MCCLAIN COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| THE STATE OF OKLAHOMA, Plaintiff, | ) | |
| v. | ) | |
| NGOC THUY NGUYEN, | ) | Case No. CF-2023-2 |
| and | ) | |
| KAYODE STEPHEN IFABIYI, Defendants. | ) | Case No. CF-2023-3 |

**ORDER DENYING, IN PART, DEFENDANTS' MOTIONS TO SUPPRESS EVIDENCE DERIVED FROM ALPR DATA**

This matter came before the Court the 29th day of August 2024, on Defendants' Motions to Suppress Evidence Derived from ALPR Data. The State appeared by and through Assistant District Attorney Lesley March, and Defendants appeared in person and with counsel, Nick Porter. The Court took the testimony of Agent Stevenson of the District 21 Drug and Violent Crime Task Force, heard the argument of counsel, and took the matter under advisement. Now on this 20th day of September, 2024, the Court denies, in part, Defendants' Motion to Suppress Evidence Derived from ALPR Data. In support thereof, the Court finds as follows:

**Findings of Fact**

1. On January 4, 2023, in McClain County, OK, Agent Stevenson observed a vehicle crossing left of center and following behind a truck at an unsafe distance."[1]
2. Agent Stevenson stopped the vehicle, and upon approaching the vehicle Agent Stevenson smelled marijuana.[2]

---

[1] P.H. Transcript, pg. 6, ln. 14-24.
[2] *Id.* at pg. 7, ln. 11-21.

Exhibit 18

9-23-24 : cc by sp - sb

3. Agent Stevenson brought the driver, identified as Ngoc Nguyen, back to his vehicle and could smell the odor of marijuana emitting from her person. Defendant Ngyen told Agent Stevenson she did not have a marijuana license and denied having anything illegal in the vehicle. [3]

4. Agent Stevenson issued Defendant Nguyen a traffic warning for following too closely. [4]

5. Agent Stevenson then approached the front seat passenger identified as Kayode Stephen Ifabiyi and confronted him about the odor of marijuana emitting from the vehicle. Defendant Ifabiyi repeatedly denied that the vehicle smelled of marijuana.[5]

6. Agent Stevenson conducted a probable cause search of the vehicle.[6]

7. During the search of the vehicle, Agent Stevenson located a black trash bag containing a large vacuum-sealed bag of money (later estimated at $100,000.00) that was bundled with rubber bands. The bag smelled of marijuana and contained dryer sheets.[7]

8. Agent Stevenson opined that it is "very common [...] to see drug smugglers that bundle and transport their money in a very similar manner."[8]

9. A loaded semiautomatic handgun with armor-piercing rounds was also located in the center console.[9]

10. After receiving her Miranda warning, Defendant Nguyen advised they were returning home from visiting her brother-in-law in Dallas, TX.[10]

---

[3] *Id.* at pg. 8, ln. 1-11.
[4] *Id.* at pg. 8, ln. 1-11.
[5] *Id.* at pg. 9, ln. 11-23.
[6] *Id.*at pg. 11, ln. 3.
[7] *Id.* at pg. 12, ln. 3-7; pg. 19, ln. 6.
[8] *Id.* at pg. 13, ln. 11-12.
[9] *Id.* at pg. 13, ln. 22 – pg.14, ln. 8.
[10] *Id.* at pg. 16, ln. 1 – pg. 17, ln. 21.

11. Agent Stevenson used automated license plate reader data and determined Defendants were returning from Houston, TX rather than Dallas, TX.[11]

12. The specific program used to access the license plate reader data, the LSAG system, used both public sources (ALPR program data) and private sources (entities who had privately erected cameras adjacent to public roads to capture the license place data).[12]

13. Defendants were arrested and charged with Acquiring Drug Proceeds in violation of 63 O.S. 2-503.1(A).[13]

## Conclusions of Law

Defendants filed the instant Motion to Suppress Evidence Derived from ALPR Data on July 8, 2024, seeking to suppress all the evidence obtained using the Automatic License Plate Readers (hereinafter "ALPR") and dismiss the charges against Defendants. Defendants based their request upon 47 O.S. 7-606.1(F), which states:

> F. Data collected or retained through the use of an automated license plate reader system shall not be used by any individual or agency for purposes other than enforcement of the Compulsory Insurance Law or as otherwise permitted by law.[14]

I. Use of ALPR Data

Defendants alleges the use of ALPR data violates the Fourth Amendment warrant requirement and is analogous to cell site location data used to track an individual without a warrant as addressed by the United State Supreme Court in *Carpenter v. United States,* 138 S.Ct. 2206 (2018). Defendant cites a supporting case from the Commonwealth of Virginia in his Notice of

---

[11] *Id.* at pg. 36, ln. 24-25.

[12] Testimony of Agent Stevenson at Hearing on Motion to Suppress held on August 29, 2024; P.H. Transcript, pg. 36, ln. 24 - pg. 37, ln. 25.

[13] Informations filed January 6, 2023.

[14] Title 47 O.S. 7-606.1(F) was sought to be amended in 2024 by both the Oklahoma House of Representatives in H.B. 3570, and by the Oklahoma Senate in S.B. 1620. The amendments sought to expand the use of the ALPR system beyond verifying a driver's insurance. Both bills failed by wide margins.

Persuasive Authority filed with the Court on September 11, 2024.[15] However, this Court need not address the Fourth Amendment implications of said search because the State of Oklahoma has a statute directly on point which prohibits the use of ALPR data for any reason other than enforcement of the compulsory insurance laws "or as otherwise permitted by law". No other lawful purpose is found within the Oklahoma statutes. Therefore, the Court suppresses any information gathered and used in violation 47 O.S. 7-606.1(F).

II. Search of Defendant's Vehicle

In *Simon v. State*, 1973 OK CR 429, ¶ 15, 515 P.2d 1161, 1164, the Oklahoma Court of Criminal Appeals held that "inclusion of illegally obtained evidence does not vitiate a search warrant otherwise lawfully issued upon probable cause." By extension, the same standard applies to warrantless vehicle searches based upon probable cause. Further, "[e]vidence may be admissible where it was discovered through an independent source, or where intervening circumstances break the connection between the illegal government conduct and discovery of the evidence." *Jacobs v. State*, 2006 OK CR 4, ¶ 6, 128 P.3d 1085, 1087.

Therefore, in the case at bar, the Court must exclude the ALPR data and determine whether the agents had probable cause to search Defendant's vehicle pursuant to *Carroll v. U.S.* 267 U.S. 132 (1925).[16] In the case at bar, upon approaching the vehicle Agent Stevenson smelled marijuana. Further, he smelled the odor of marijuana emitting from Defendant Nguyen when she was seated in his vehicle.

This Court finds independent probable cause existed for the search of the vehicle for narcotics or items related thereto. In *Cole v. State*, 1986 OK CR 150, ¶¶ 9-10, 728 P.2d 492, 494,

---

[15] *Commonwealth of Virginia v. Jayvon Antonio Bell* (Case No. CF23001500-00;01; 02).
[16] *California v. Carney,* 471 U.S. 386 (1985)

the Oklahoma Court of Criminal Appeals found a search of a driver's vehicle was justified based upon the odor of marijuana. It stated:

> The United States Supreme Court has recently held that officers who detected the distinct odor of marijuana had probable cause to believe the vehicle contained contraband, justifying a search therein. *United States v. Johns*, 469 U.S. 478, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985). Similarly, this Court has held that a State Trooper, who had personally detected the odor of marijuana and had observed two hand rolled cigarettes in an ashtray, had sufficient probable cause to conduct a search in the locked glove compartment of the vehicle. *Ferguson v. State,* 520 P.2d 819 (Okl.Cr.1974).

The court in *Cole* specifically held that the trooper "had probable cause to believe that the vehicle contained contraband, upon smelling the distinct odor of marijuana." Cole at ¶10.

Defendants argue that the odor of marijuana alone has not been held by the Oklahoma Court of Criminal Appeals to provide sufficient probable cause for a search. However, in *Lozoya v. State*, 1996 OK CR 55, ¶¶ 35-37, 932 P.2d 22, 33, the defendant argued that his counsel was in effective for failing to file a motion to suppress the search of his vehicle. The court held that defendant would not have been successful had his counsel pursued a motion to suppress and explained as follows:

> After the officer stopped Petitioner's van, he noticed a very strong smell of marijuana even before he had completed his approach to it. <u>We have held officers who were where they had a right to be who detected the distinct odor of marijuana emanating from a vehicle had probable cause to believe the vehicle contained contraband, justifying a search in that vehicle.</u> [...] We also note a drug dog was called in, and the dog alerted to the presence of marijuana, providing <u>even more</u> probable cause to search the van. *(Emphasis added)*[17]

Therefore, this Court finds probable cause existed for the search of the Defendant's vehicle and denies Defendant's request to suppress the fruits thereof.

III. <u>Use of ALPR Evidence at Trial</u>

Based upon the unequivocal wording of 47 O.S. 7-606.1(F) that ALPR data "**shall not be used** by any individual or agency for purposes other than enforcement of the Compulsory

---

[17] *Id.*

Insurance Law", the Court excludes the use of ALPR information, or any inferences derived therefrom at trial.

**Conclusion**

WHEREFORE, the Court denies Defendants' Motions to Suppress Evidence and finds the search of Defendants' vehicle was based upon probable cause established independent of the ALPR data. However, the Court excludes mention of the ALPR data or inferences derived therefrom at trial.

**IT IS HEREBY ORDERED!**

Leah Edwards

LEAH EDWARDS,
Judge of the District Court