IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MELISA SUSAN KYLE,**<br><br>**Defendant.** | **Case No. 26-CR-189-SEH-** |

**<u>OBJECTION TO MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AT THE MOTION TO SUPPRESS HEARING</u>**

Melisa Kyle, through counsel, moves the Court to deny the government's Motion in Limine to Exclude Certain Evidence at the Motion to Suppress Hearing. In support of this Objection, counsel for Mr. Kyle states:

**<u>PROCEDURAL BACKGROUND</u>**

Ms. Kyle is charged by Indictment with one count of Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii). [ECF No. 14]. This charge is based upon the seizure of methamphetamine from Ms. Kyle's rental vehicle after a traffic stop. On August 3, 2026, Ms. Kyle filed an Opposed Motion to Suppress seeking to exclude from trial the fruits of the search of her vehicle. [ECF No. 47]. The government filed its Response in Opposition to Motion to Suppress on August 10, 2026. [ECF No. 50]. On August 14, 2026, this Court set the matter for an evidentiary hearing on August 27, 2026 at 1:00 p.m. On the afternoon of August 26, 2027, the government filed a Motion In Limine to Exclude Certain Evidence at the Motion to Suppress Hearing under seal.[1] [ECF No. 56].

[1] This Objection is not being filed under seal as Ms. Kyle is not discussing or otherwise mentioning the materials that the government intends to keep sealed.

## AUTHORITY AND ARGUMENT

The government's *Motion in Limine* seeks to exclude certain evidence from the suppression hearing based on Federal Rule of Evidence 404 which governs the admissibility of character evidence and evidence of defendants and witnesses' other crimes and acts at trial. Fed. R. Evid. 404. Although Rule 101 states that the Federal Rules of Evidence apply to proceedings in United States courts, it also directs that there are exceptions to their application. Fed. R. Evid. 101(a). The exception relevant to this matter is found in Rule 104 that provides that when a court is faced with deciding the preliminary question of whether evidence is admissible the rules of evidence do not apply. Fed. R. Evid. 104(a). The Federal Rules of Evidence are clear that the exclusion the government seeks to invoke under Rule 404 is not applicable to a Suppression Hearing conducted to determine the admissibility of evidence.

## CONCLUSION

Wherefore, Ms. Kyle asks this Court to deny the government's Motion In Limine to Exclude Certain Evidence at the Motion to Suppress Hearing.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

JULIA L. O'CONNELL, FEDERAL PUBLIC DEFENDER

By: *s / Robert S. Williams*
Robert S. Williams, OBA #19974
ASSISTANT FEDERAL PUBLIC DEFENDER
One West Third Street, Suite 1225
Tulsa, Oklahoma 74103
(918) 581-7656
robert_williams@fd.org
**COUNSEL FOR THE DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Tyson McCoy, AUSA
Reagan Reininger, AUSA
UNITED STATES ATTORNEYS OFFICE

*s/ Robert S. Williams*
Robert S. Williams,
ASSISTANT FEDERAL PUBLIC DEFENDER